DELPHINE, f. w. c., v. MAD. WIDOW GUILLET et al.

The plaintiff was, by will, directed to be emancipated as soon as she could be. She sued for her free-
dom. It was objected that she could not have a decree ordering the defendants to enfranchise her
because she had not prayed for it. *Held:* The prayer for general relief was sufficient.

Plaintiff offered to prove that she was of good character and sober habits, and had always behaved
well and conducted herself respectfully towards white persons; to the reception of which evidence
defendants objected, on the ground that no such allegations were made in the petition, which ob-
jection was sustained by the District Court. *Held:* The defendants, by their answer, having put
plaintiff's character and fitness for emancipation at issue, the testimony should have been re-
ceived.

APPEAL from the Second District Court of New Orleans, *Lea,* J.
*Duvigneaud* and *Collins,* for plaintiff.   *J. & E. Bermudez,* for defendants
and appellants.

SPOFFORD, J.   In 1839, *Aimé Guillet* made his last will in the olographic
form, which contains the following clause among the bequests to his wife: "Je
lui reconnais en outre de ce, trois de nos domestiques à son choix, à l'exception
d'une jeune enfant nommée *Delphine,* âgée de six à sept ans, et née de notre
domestique appelée communément *Mimi,* à qui je donne par le présent la liberté
et qui sera émancipée par ma femme le plutôt que faire se pourra."

In 1847, the testator having died, the will was duly proved.

In 1854, *Delphine* brought this suit against the widow and heirs of *Aimé
Guillet,* in which she invokes the benefit of the testamentary disposition in her
favor, alleges that she has often applied to the *Widow Guillet* to emancipate her,
according to the will, but has met with a refusal, and prays that she be decreed
by the court to be free, and for all such other relief as the nature of the case or
equity may require.

The answer of the defendants admitted the bequest, but averred that the plain-
tiff was not then twenty-one years of age; that by law she could not be eman-
cipated until she attained the age of thirty years, and that the respondents could
assign no motive to the Police Jury or Municipality of New Orleans to enable
them to authorize her emancipation sooner, nor could they consistently with duty
declare that the said *Delphine* had behaved well any four years since the 28th
August, 1839, the date of the will.

The plaintiff prayed for a trial by jury, and there was a verdict in these words.
"We, the jury, find that the plaintiff is not free, but that, under the will of
*Guillet,* she is entitled to her freedom, and require that the defendant be in-
structed to institute such proceedings as will ensure the emancipation of the
plaintiff."

There was a judgment ordering the defendants to institute such proceedings
without delay, and they have appealed.

It is now intimated that the plaintiff was a minor, and should have been
assisted by a curator to give validity to the proceedings.

No exception was pleaded to her right to sue unassisted. If the law of minority
intended for free persons could be held to extend to one in her condition, she has
now attained the age of twenty-one years, and does not require the intervention
of a curator.

It is said that the plaintiff has mistaken her right, and should therefore become

non-suit; that she has alleged herself to be absolutely free, and that, as she is only a *statu liber*, she cannot have a decree ordering the defendants to enfranchise her, because she has not specially asked it.

In a suit of this character, the prayer for general relief suggests a sufficient answer to such an objection.

But the policy of the State has annexed conditions to the enfranchisement of slaves which the courts cannot permit to be disregarded. This the testator evidently knew, for he did not think the manumission would become complete under the will by the event of his death; he directed his wife to emancipate *Delphine* so soon as it should become practicable.

According to judicial precedents, this bequest gave *Delphine* an inchoate right, a right which could be enforced in her favor by the tribunals when a proper time should arrive. But to secure the completion of her enfranchisement, she should show that it has become lawful.

We do not find the requisite proof in the record. But it is, probably, owing to the fault of the appellants in objecting to testimony which we think was erroneously rejected.

By a bill of exceptions we learn that the plaintiff offered to prove by witnesses that she was of good character and sober habits, and had always behaved well and conducted herself respectfully towards white persons, whereupon the defendant objected, on the ground that said facts were not alleged in the petition, and that the action was brought merely to have the plaintiff declared to be free, which objections were sustained by the court.

. The defendants themselves, by their answer, had put the plaintiff's character and fitness for emancipation at issue, and we therefore think the testimony should have been received.

Were this an ordinary case of private right, we might perhaps have presumed that the plaintiff was able to establish the facts which the defendants improperly objected to as inadmissible in evidence; but as it concerns the public that none but worthy persons should be admitted to the *status* of freemen, it is our duty to exact the proof.

As the necessity for remanding the cause was occasioned by the act of the appellants in objecting to proper testimony, they must pay the costs of this appeal. *Smith* v. *Leake*, 4 L., 297; *Parmele & Baker* v. *Johnstone*, 15 L., 429.

It is therefore ordered, that the judgment of the District Court be avoided and reversed, and the cause remanded for a new trial according to law, the costs of appeal to be paid by the defendants and appellants.